## CHARLES N. SINNOTT v. THE STATE.

1. CONTEMPT. *Interference with selection of jury.* An attempt to induce an officer of the court to summon as jurors in a particular case then to be tried certain persons specified by him in preference to others, is an unlawful interference with the proceedings of the court, and is a contempt for which he is punishable by the court; and this is so, although not within the court-house or in the immediate presence of the court.

2. SAME. *Fines. Work-house.* Fines imposed for contempt may be required to be worked out in the county work-house, and defendant will not be allowed to discharge the fine by taking the insolvent debtor's oath.

### FROM SHELBY.

Appeal in error from the Criminal Court of Shelby· county. L. B. HORRIGAN, J.

GEORGE GANTT for Sinnott.

ATTORNEY-GENERAL LEA for the State.

COOKE, Sp. J., delivered the opinion of the court.

These were proceedings for contempt. The facts of the cases necessary to be stated are, that a cause of the State against one Mendinger, charged with embezzlement, had been set for trial upon a certain day in the criminal court of Memphis, and the sheriff furnished by the court with a list of the names of certain persons to be by him summoned as a special panel of jurors in said cause; that while the deputy sheriff, Powell, was engaged in summoning said persons, the plaintiff in error approached him with a list

of names of persons which he endeavored to induce the deputy sheriff to summon as jurors upon said panel. After said panel had been exhausted, and the sheriff had been ordered to summon an additional panel of jurors without directions as to the persons to be summoned, while deputy sheriff Thomas Garvey was engaged in summoning said additional panel, the plaintiff in error approached him and endeavored to induce him to summon a certain person to the sheriff unknown upon the panel.·

The plaintiff in error was attached for contempt ·of the court in each case. ˙ Neither of said acts for which he was attached were committed in the court-house or in the actual presence of the court. The attorney-general filed specifications in each case. ·The plaintiff in error moved to quash the specifications filed, which motion was overruled by the court, and having filed his answer to said specifications, the· court proceeded to hear the case, and having heard the testimony adjudged the defendant guilty as charged in the specifications, and proceeded, in the first case, to assess a fine of $50 against the defendant, and ordered that he be imprisoned for ten days in the county jail, to which sentence the defendant submitted, and after the expiration of his term of imprisonment he came into court and moved the court that he be allowed to take the insolvent debtor's oath in liquidation of the fine of $50 imposed on him as a part of said judgment for contempt. This motion was refused, and the court adjudged ˙that the ·defendant be made to˙ serve the same out, by con-

finement in the county work-house, as other convicts are confined, and thereupon the defendant appealed to this court.

In the second case, the defendant's motion to quash the specifications having been overruled, he filed a plea of former conviction, which plea was heard and overruled by the court; and thereupon the court heard the evidence and adjudged the defendant guilty of the contempt as charged in said specifications, and assessed a fine of $50 against the defendant, and adjudged that he be imprisoned ten days in the county jail, the term of his imprisonment to commence at the expiration of the former term of imprisonment pronounced in the other case against him, and in this case rendered a formal judgment against the defendant for said last mentioned fine of $50, and all costs of the proceeding, and ordered execution to issue; and from which judgment, etc., the defendant appealed to this court.

Both causes have been brought here under one bill of exceptions. There was very clearly no error in the refusal of the court to quash the specifications in either case. By section 4106, sub-sec. 1, of the Code, it is provided: "The willful misbehavior of any person in the presence of the court, or so near thereto as to obstruct the administration of justice," is a contempt; and, by sub-sec. 4, abuse of or unlawful interference with the process or proceedings of the court, is also a contempt, and punishable by the court. The attempt of the defendant to induce the officers of the court to summon as jurors, in the

particular case then to be tried, certain persons speci-
fied by him in preference to others, or, in common
parlance, to "pack" a jury, was an unlawful inter-
ference with the proceedings of the court within the
purview of said provisions, and was a contempt for
which he was punishable by the court. Nor was it
material that it was not within the court-house, or
in the immediate presence of the court: *Harwell* v.
*The State*, 10 Lea, 544.

The action of the court in refusing to allow the
defendant to discharge himself from the fine imposed
in the first of these cases, and rendering a "work-
house" judgment against him, was correct. By the
act of 1875, ch. 83, sec. 13, "Every person sen-
tenced to be imprisoned in the county jail shall be
compelled to work in the county work-house as other
misdemeanor convicts, unless he give bond, with good
security, to be approved by the jailer, and payable
to the State of Tennessee, conditioned, etc. See also
5 Heis., 103; Code, sec. 4109. Fines for contempt
of court are clearly within the spirit and meaning
of the act of 1875, above cited.

There was no error in the action of the court
in overruling the plea of former conviction. The
offenses were wholly separate and distinct from each
other, committed at different times, and by unlawful
interference with different officers; and the fact that
they were in relation to the trial of the same case
can make no difference.

The judgment of the circuit court in each case
will be affirmed.