EDWARD JOHNSON v. STATE OF NEBRASKA.

FILED DECEMBER 21, 1897.    No. 9383.

53  103
53  280
53  762
53  103
56  693

1. **Information: VERIFICATION: OBJECTION.** It is too late to object to the verification of an information after the accused has been arraigned, and pleaded not guilty, unless such plea has been withdrawn.

2. ———: PARTICIPANTS IN CRIME: DEFENDANTS. All participants in a crime may be jointly charged in the same information, or they may be informed against separately, as the prosecutor may elect. It will not defeat a criminal prosecution for the evidence to show that all perpetrators of the crime were not made defendants.

3. Criminal Law: SUFFICIENCY OF EVIDENCE. To warrant a conviction in a criminal prosecution it is not essential that the evidence adduced on the trial should exclude every possible hypothesis but the guilt of the accused.

4. ———: INSTRUCTIONS. Mere non-direction by the trial court will not work a reversal where proper instructions covering the point were not requested.

ERROR to the district court for Douglas county. Tried below before BAKER, J. *Affirmed.*

*I. J. Dunn,* for plaintiff in error.

*C. J. Smyth, Attorney General,* and *Ed P. Smith, Deputy Attorney General,* for the state.

NORVAL, J.

The defendant was tried upon an information charging him with the felonious breaking and entering, in the night-season, the dwelling of one Charles E. Taylor with the intent to steal, and also with the larceny therefrom of, one church communion set and other chattels belonging to said Taylor. The trial resulted in a conviction of the crime of burglary.

The information was verified before the deputy clerk of the district court, and a motion to quash the information on that ground was denied by the court, which ruling is assigned for error. The objection to the verification is not available, for the reason the motion to quash was filed and presented after the accused had been arraigned and his plea of not guilty to the charges in the information had been entered, without a withdrawal of such plea. (*Davis v. State,* 31 Neb. 247; *Hodgkins v. State,* 36 Neb. 160; *Bailey v. State,* 36 Neb. 808; *Korth v. State,* 46 Neb. 631; *Davis v. State,* 51 Neb. 401.)

Complaint is made of the giving of the seventh paragraph of the court's charge, which was in this language:

"You are instructed that if you find from the evidence that there were others connected with or participated in the burglary jointly with the defendant, then you would be warranted in finding the defendant guilty. The evidence must satisfy you that the defendant is guilty individually or in conjunction with others, and that there is no other reasonable hypothesis that any other person or persons committed the crime."

The information charges that the defendant committed the burglary and larceny, while the evidence adduced on the trial tended to show that he was aided and assisted in the commission of the offenses by at least one other person. It is argued that the instruction was erroneous in that it authorized a conviction of the defendant without the other participant in the crimes being made a co-defendant with him; in other words, that under an information charging one person with a burglary, there can be no conviction unless the evidence discloses that the defendant alone perpetrated the offense. To this doctrine we cannot yield assent. When two or more persons jointly participate in a crime, they may be prosecuted therefor together under one information or indictment, or they may be informed against separately, in the discretion of the prosecutor; and it will not defeat a criminal prosecution that the evidence shows all participants in the crime were not made defendants. (1 Bishop, Criminal Procedure sec. 463.) In *Walbridge v. State*, 13 Neb. 236, it was decided that to justify a conviction upon circumstantial evidence, the proofs must be so conclusive as to leave no reasonable doubt that the accused and no other person committed the offense. But that case does not hold there can be no conviction unless it is established by the evidence that the defendant alone committed the crime charged, without the assistance of any one else. The question we are now considering was not involved or determined in *Wal-*

*bridge v. State, supra,* and counsel for the defendant is in error in supposing that it has any bearing upon the point under consideration. The seventh instruction correctly stated the law, and there was no error committed in refusing the first request to charge tendered by the defendant, since it enunciated principles confessedly in conflict with the rule laid down in the instruction quoted above.

It is next insisted that it was prejudicial error to refuse to give to the jury the second instruction tendered by the defendant, which is as follows:

"2. You are instructed that if the facts and circumstances of the case, as detailed by the witnesses upon the stand, can be accounted for or explained upon any other hypothesis than the guilt of the defendant, then your verdict should be not guilty."

This instruction was faulty, because it did not contain the word "reasonable" preceding the word "hypothesis." The defendant was not entitled to an acquittal merely because the evidence or criminating circumstances may have been explained upon some possible theory of innocence of the accused of the crime charged. In *State v. Mathews,* 66 N. Car. 106, it is said: "The rule  *  *  * requiring proof beyond a reasonable doubt does not require the state, even in a case of circumstantial testimony, to prove such a coincidence of circumstances as excludes every hypothesis except the guilt of the prisoner. The true rule is that the circumstances and evidence must be such as to produce a moral certainty of guilt, and to exclude any other reasonable hypothesis." In line with that case are *State v. Schoenwald,* 31 Mo. 147; *People v. Murray,* 41 Cal. 66; 1 Bishop, Criminal Procedure sec. 1077. All the law required to authorize a conviction of the prisoner was that the facts should be consistent with his guilt and inconsistent with any other reasonable or rational conclusion, and this is true though circumstantial evidence is relied upon to establish guilt. The above request to charge, had it been given, would have per-

mitted an acquittal upon mere conjecture, or some ill-supported theory that the defendant may be innocent of the crime charged, which is not the law.

Objection is made because the jury were not instructed upon the law of circumstantial evidence. As no proper request to charge upon that point was submitted to the court below by the prisoner, he cannot urge the non-direction of the court as a ground for reversal. (*Hill v. State,* 42 Neb. 503; *Housh v. State,* 43 Neb. 163; *Pjarrou v. State,* 47 Neb. 294.)

It is also insisted that the evidence is insufficient to sustain the verdict, because, it is alleged, that it was not shown the accused broke and entered the dwelling-house in question in the night-season. This contention is devoid of merit. Charles E. Taylor, the prosecuting witness, testified, and his testimony is uncontradicted, that he locked the doors of his residence and left the house after dark between 6 and 7 o'clock P. M. of January 17, 1897, and returned home with his wife about 10 o'clock the same night, when it was discovered that the dwelling had been broken into and burglarized during his said absence. This testimony, not having been contradicted, was ample to justify the jury in finding that the crime was committed in the night-time. The defendant was not prejudiced by the trial court asking the witness Charles Orleans whether his place was a repository for articles stolen by Johnson, inasmuch as the witness answered the interrogatory in the negative. Moreover, without this question and answer, the previous examination of the witness might have left an impression on the minds of the jurors that Orleans had been secreting stolen chattels for the defendant. He was accorded a fair and impartial trial. The judgment is

AFFIRMED.