## GEORGE E. EMERY V. STATE OF NEBRASKA.

### FILED MARCH 21, 1907. No. 14,760.

1. Contempt: INFORMATION: VERIFICATION. Where the charge of contempt of court is set forth in an information in positive and direct terms, the statement by the public prosecutor in his verification thereto "that the allegations and charges in the within information are true, as he verily believes," does not render such information void.

2. ———: ———: OBJECTION TO VERIFICATION. One cannot object to a verification of a complaint or information after he has been arraigned and pleaded not guilty, unless such plea has been withdrawn, and an objection of that kind m⸱⸱e for the first time in a motion for a new trial comes too late.

3. ———: CORRUPTING JURORS. All wilful attempts of whatever nature, seeking to improperly influence jurors in the impartial discharge of their duties, whether it be by conversations or discussions, or attempts to bribe, constitute contempts.

4. ———: PLEA. In a prosecution for contempt where the act complained of is in itself a contempt of court, a denial on oath of its commission raises an issue of fact for trial, and does not entitle the accused to an acquittance.

ERROR to the district court for Gage county: JOHN B.
RAPER, JUDGE. *Affirmed.*

*R. W. Sabin, Hazlett & Jack* and *S. Rinaker,* for plain-
tiff in error.

*W. T. Thompson, Attorney General, contra.*

BARNES, J.

George E. Emery, hereafter called the accused, prose-
cutes error from a judgment of the district court for
Gage county, by which he was found guilty of a contempt
of that court, and adjudged to pay a fine of $25 and the
costs of the prosecution. The complaint or information
on which he was prosecuted charged him with an attempt
to influence a member of the jury in a certain civil
action which was being tried in the district court for
that county on the 13th day of December, 1905. His plea
or answer to the charge was: First, not guilty; and,
second, a general denial.

His first contention is that the complaint or informa-
tion is void, because the charge contained therein was
made upon information and belief only. An examination
of the record discloses that in the charging part of the
complaint the facts are stated positively, directly and
without equivocation, and the verification reads as fol-
lows: "S. D. Killen, being first duly sworn, upon his
oath says that he is the county attorney in and for Gage
county, in the first judicial district of the state of
Nebraska, and that the allegations and charges against
George E. Emery in the within information are true as
he verily believes." It appears that this is the usual
manner of verifying criminal informations in this juris-
diction. The accused, however, cites a number of
authorities in support of his contention, but they seem
to be beside the mark, and apply to cases where the charge
in the body of the complaint was made on information

and belief only.   It appears that the complaint in this case is sufficiently positive and certain in its charging part, and the fault, if any, lies in the verification.   But this defect, if it be such, was waived, for we find that the accused made no objection to the complaint, but filed his answer of not guilty, together with a general denial, and immediately announced his readiness to proceed to trial. In fact the record shows that this question was raised for the first time by him in his motion for a new trial. The objection, therefore, comes too late, for one cannot object to the verification of a complaint after he has been arraigned and pleaded not guilty, unless such plea has been withdrawn.   *Johnson v. State,* 53 Neb. 103.

It is next contended that no offense is charged in the information.   The acts of the accused set forth in the complaint are, in substance, as follows: That on the evening of the 13th day of December, 1905, as one of said jurors, namely, Christian Miller, was leaving the court house, George E. Emery approached said juror, and told him that he wanted to see him down town that evening; that the juror, supposing Emery wanted to see him about some trade, asked him where he should see him; and Emery said: "Down town at the hotel"; that about 8 o'clock that evening the juror went to the Paddock hotel, which is in the city of Beatrice, Gage county, Nebraska, and there met the accused, and after talking some time with him about other matters said: "What was it you wanted to see me about?"   That Emery, thereupon, said: "Come on, and I will show you."   That they left the hotel, went south to Court street, then west on Court street about a block and a half, until they came to a saloon, which they entered, proceeded to the back end of the room, and seated themselves at a table; that Emery called for beer, and two glasses were furnished, one for the juror and one for Emery; that after being seated at the table Emery said to the juror: "It is about the case; some of the parties want a verdict."   That Miller said: "What case?"   Emery answered: "The case you are juror on."   That thereupon

the juror refused to hear anything further on the subject, and told the accused to "Cut it out"; that Emery then replied that he liked to see a fellow that way; that he had been told to see another fellow on the jury, but he was not going to say anything to him.

That the foregoing facts, if true, are sufficient to constitute contempt of court seems quite clear. It is a matter of common knowledge that jurors are charged by the trial court, after having been sworn, that they shall not talk with any one in regard to the case on trial, nor suffer any one to talk to them in regard to it, while serving as jurors. The foregoing facts clearly show that the accused was violating such instruction of the court and the law. To be in contempt of court in such a matter, it is not necessary that the party accomplish his purpose. It is sufficient if he makes the attempt, for he thereby violates the instruction of the court and the law of the state in relation thereto. It appears from the allegations of the information that the accused desired to talk with the juror about the case upon which he was then serving. This conduct in itself was highly improper and constituted contempt. It has been held to be contempt to attempt to induce an officer of a court to summon certain persons in a case to be tried by a jury, thus seeking to influence the action of the officer, though the attempt was not made in the courtroom, nor in the actual presence of the court. *Sinnott v. State,* 79 Tenn. 281; *Little v. State,* 90 Ind. 338; *Baker v. State,* 82 Ga. 776. "All wilful attempts of whatever nature, seeking to improperly influence jurors in the impartial discharge of their duties, whether it be by conversations or discussions, or attempts to bribe, * * * constitute contempts." 9 Cyc. 15. In *United States v. Kilpatrick,* 16 Fed. 765, it was held that an individual who approaches or communicates with the grand jury in reference to any matter which is, or may come, before them is guilty of contempt. Telling one whose son is on trial for murder, that for a specified sum of money he will bribe a juryman is contempt,

notwithstanding the offender does not intend or expect to bribe, but merely intends to swindle defendant's father out of the money. *Little v. State,* 90 Ind. 338; 46 Am. Rep. 224. It was held in *State v. Doty,* 32 N. J. Law, 403, 90 Am. Dec. 671, that soliciting a juror to give a signal after the jury has retired, to indicate whether an agreement is likely, and thereby enable an outsider to make a bet on the matter of agreement to better advantage is contempt, although nothing is said by the person making the attempt as to how he wishes the jury to decide. In *In re Summerhayes,* 70 Fed. 769, it was held that a federal grand juror who deliberately secures an interview with one interested in procuring an indictment respecting what occurred in the jury-room is guilty of contempt, where the jury were instructed to keep its deliberations secret. So it would seem clear that the facts alleged in the information are sufficient to constitute a contempt of court.

It is further contended that the evidence is not sufficient to sustain the judgment. The testimony of the juror, Miller, fully sustains the charge contained in the complaint, and, while the accused denied that he spoke to him about the case on trial, yet in all other essential particulars his evidence corroborates that given by the prosecuting witness. The trial judge, who heard the witnesses testify, and had an opportunity to observe them and their demeanor while giving their evidence, was better qualified to determine the truth of the matter than a reviewing court which has nothing before it but the record; and where, as in the case at bar, the evidence is conflicting the judgment of the trial court will not be disturbed unless it is shown to be clearly wrong.

Lastly, it is claimed that upon the filing of his answer, under oath, denying the allegations of the complaint, the accused should have been immediately discharged, and the state remitted to a prosecution for perjury. While authorities may be found which seem to support this theory, yet in cases where the act complained of is in itself

a contempt of court, a denial of its commission raises an issue of fact for trial, and does not entitle the accused to an acquittance. Indeed, the practice is well established in this jurisdiction that in a proceeding to punish one for a constructive contempt a complaint, under oath, must be filed against him, an attachment must be issued thereon, and on the return thereof the defendant may answer the complaint, and, if his answer be a denial of the acts charged, the issue thus raised must be tried and determined upon evidence, as in other cases. Indeed, to hold that a mere denial, by which such an issue is raised, of itself amounts to an acquittance would render every contempt proceeding, no matter how well founded, absolutely nugatory. *Drady v. District Court of Polk County*, 126 Ia. 345; *People v. Wilson*, 64 Ill. 195.

In conclusion, it appears from the record that the accused had a fair and impartial trial, and, finding no reversible error therein, the judgment of the district court is

AFFIRMED.