WILLIAM M. CUBBISON v. A. D. BEEMER, WARDEN OF STATE PENITENTIARY.

FILED JUNE 4, 1908.  No. 15,633.

Information: FILING IN VACATION. "Under the provisions of chapter 108 of the laws of Nebraska passed in 1885, the requirement that 'all informations shall be filed during term, in the court having jurisdiction of the offense specified therein,' is mandatory, and an information, upon which the accused is to be tried for felony, is void if filed in vacation." *In re Vogland*, 48 Neb. 37.

ORIGINAL application for a writ of habeas corpus. *Writ allowed.*

*McAllister & Cornelius*, for plaintiff.

*William T. Thompson, Attorney General, Grant G. Martin* and *W. N. Hensley, contra.*

REESE, J.

This is an application for a writ of habeas corpus. The writ was issued, directed to the respondent, who is the warden of the state penitentiary, and who made return that he held the custody of the petitioner by virtue of a judgment of the district court for Platte county, by which the said Cubbison was convicted of a felony. A certified copy of the judgment of conviction is set out in the return. By the petition and all the record in this cause it is made to appear beyond dispute that the information, charging the accused with the commission of the offense for which he was convicted, was filed in the office of the clerk of the district court on the 28th day of February, 1908, and that the court was not then in session, having adjourned *sine die* on the 27th day of the same month; that the next term began on the second day of March following. This being true, it must be conceded that, under the holdings of this court in the matter of the application of *Lewis Vogland, Salem T. Clark* and *Charles H. Jackson* for a similar writ (*In re Vogland*, 48 Neb. 37), the petitioner is entitled to his discharge.

Exhaustive briefs have been furnished by the county attorney and the attorney general, and, were it not that the court has held in the case above cited that "this information (filed out of term time) was therefore void, and upon it no plea could be received or acted upon," and that "the requirement of filing in term is mandatory, and a filing in vacation cannot be substituted," we would be strongly inclined to hold that the irregularity in failing

to comply technically with the statutory provision was waived by the proceedings subsequent to the filing of the information, which consisted of a demurrer to the information, a plea of not guilty, and a jury trial. But, if the information was "void," as squarely decided in that case, we cannot conceive of its being made valid by any waiver. While, in the case cited, the decision was correct upon the facts as therein presented, yet the writer hereof cannot clearly see that the information should have been held void. Such, however, is that decision, and we are impelled to recognize it as the law of this state.

It follows that the order for the discharge of the petitioner from custody will have to be entered, which is accordingly done.

WRIT ALLOWED.