DANIEL HOLLAND v. STATE OF NEBRASKA.

FILED DECEMBER 9, 1916.   No. 19697.

1. **Information:** VERIFICATION: OBJECTIONS. "It is too late to object to the verification of an information after the accused has been arraigned, and pleaded not guilty, unless such plea has been withdrawn." *Johnson v. State*, 53 Neb. 103.

2. ———: ———. Section 5599, Rev. St. 1913, authorizes a county attorney to appoint deputies to assist him in the discharge of his duties, and a deputy so appointed and qualified may sign a criminal information.

3. ———: ———: PRESUMPTIONS. When the right of a person to sign an information as deputy county attorney is questioned for the first time after arraignment and plea, and while a plea of not guilty is still pending, his appointment, qualification and right to sign, in the absence of a showing to the contrary, will be presumed.

ERROR to the district court for Furnas county: ERNEST B. PERRY, JUDGE. *Affirmed.*

*John Stevens,* for plaintiff in error.

*Willis E. Reed, Attorney General,* and *Charles S. Roe,* contra.

MORRISSEY, C. J.

This is an error proceeding from the district court for Furnas county. The information contained two counts, one charging an assault with intent to inflict great bodily injury, and another charging an assault with intent to kill. From a verdict finding defendant guilty of assault and battery, he prosecutes error.

First, defendant complains that the information differs from the complaint filed before the magistrate at the time of the arrest. As to this it is sufficient to say that the transcript brought to this court contains a copy of the complaint filed before the county judge. It also shows the subsequent filing of what is termed an "amended complaint,"

but it nowhere shows that there was ever a preliminary hearing held on either complaint. From the argument we are left to infer that there was a preliminary hearing, but the record is silent on the subject.

After a copy of the information was served on defendant, he filed a motion to quash the information, "for the reason that the same charges a different and more serious offense than was charged in the complaint on which this defendant was arrested." This motion was overruled. Defendant was then arraigned, and entered a plea of not guilty, and by arrangement with the county attorney the trial was continued over the term and defendant admitted to bail. At a subsequent term a jury was impaneled and a witness for the state called and sworn. Without withdrawing his plea of not guilty, the defendant then objected to the introduction of any testimony, and moved the court to enter a discharge: First, because "no information has ever been filed against the defendant herein by the proper prosecuting officer, and no indictment found by a grand jury;" second, that the duly elected, qualified and acting county attorney had not filed and verified the information, and that the information was null and void for that reason. The information is signed "B. F. Butler, County Attorney, by E. J. Lambe, Deputy." The verification and jurat are as follows:

"I, B. F. Butler, do solemnly swear that I am county attorney in and for said county and that allegations and charges in the foregoing information are true as I verily believe. B. F. Butler, by E. J. Lambe.

"Subscribed in my presence and sworn to before me, by the said B. F. Butler, this 8th day of March, 1915. C. A. Modlin, Clerk of the District Court."

These objections were not made before the defendant had entered his plea, nor did he ask leave to withdraw his plea to the information. In *Johnson v. State,* 53 Neb. 103, it is held: "It is too late to object to the verification of an information after the accused has been arraigned, and pleaded not guilty, unless such plea has been withdrawn."

It is not material whether the information differs from the complaint filed before the examining magistrate, for the reason that no plea in abatement was filed. If defendant was not given a preliminary hearing on the charges contained in the information, he waived his right thereto when, without filing a plea in abatement, he entered a plea to the information.

It is urged that the information is absolutely void, because not signed by the county attorney in person, and we are cited to *Cubbison v. Beemer*, 81 Neb. 824, which follows an earlier case, holding that an information filed out of the term time is void. Section 5599, Rev. St. 1913, authorizes the county attorney to appoint deputies who may assist him in the discharge of his duties. There is nothing in this record to show that Lambe was appointed such deputy, but when his right to sign the information is questioned for the first time after arraignment and plea, and while a plea of not guilty is still pending, his appointment, qualification and right to act in the absence of a showing to the contrary, will be presumed.

The judgment of the district court is

AFFIRMED.

SEDGWICK and HAMER, JJ., not sitting.