WILLIAM J. LANGFORD V. STATE OF NEBRASKA.

FILED DECEMBER 31, 1925.     No. 24655.

Criminal Law: JURISDICTION. Where one charged in a complaint, filed before a magistrate, with an offense triable only in the district court waives a preliminary hearing and is held for appearance before the district court, that court has no jurisdiction to try him for the offense charged, or to pronounce sentence on a verdict of guilty returned by a jury, unless an information signed by a proper prosecuting officer has been filed in that court, or an indictment by a grand jury has been returned against him.

ERROR to the district court for Dawes county:  WILLIAM H. WESTOVER, JUDGE.  *Reversed.*

*Allen G. Fisher* and *Samuel O'Brien,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Richard F. Stout, contra.*

Heard before MORRISSEY, C. J., DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

Morrissey, C. J.

Defendant, William J. Langford, prosecutes error from a judgment of conviction for an alleged violation of section 9588, Comp. St. 1922.

Defendant brought suit for divorce against his wife, Katie J. Langford, in the district court for Dawes county. The court entered a judgment whereby Mr. Langford was granted a divorce, but, among other things, the decree provided that Mrs. Langford have the care and custody of their minor child, until the further order of the court, and it required Mr. Langford to pay the sum of $10 a month, until the further order of the court, for the support of the child. The decree was entered November 19, 1917.

October 18, 1922, the divorced wife filed an affidavit, or complaint, in the county court of Dawes county, in which she charged that defendant had failed, without good cause, to pay the instalment due under the decree of court which fell due January 1, 1922. Upon the filing of this complaint, a warrant was issued out of the county court, and on October 23, 1922, a return was made by the sheriff showing that he then had defendant before the court. Defendant waived a preliminary hearing and was held for appearance before the district court on the first day of its next regular term. The county judge thereupon prepared the usual transcript, which in due time was delivered to the clerk of the district court.

Apparently defendant's counsel expected the county attorney to file an information upon the convening of court, for he filed in the district court a paper entitled: "Plea in Abatement of Information." In this paper a number of objections to the proceeding were set up. Among others, it was alleged that the county attorney and his deputy were attorneys for Katie J. Langford in the divorce suit; that they had a financial interest in that litigation, and in this prosecution, and that, because of such financial interest, each was disqualified to file an information in this proceeding. To this so-called plea in abatement, the county attorney filed a reply. On the issues thus made up, there

was a trial to the court, who denied defendant's plea in abatement.

Although the court had, in effect, ruled that the county attorney was not disqualified to file an information, no information was filed. A plea of not guilty was entered and the trial proceeded.

In the absence of any complaint or information filed by the county attorney, or an indictment returned by the grand jury, can the conviction be sustained?

Section 10087, Comp. St. 1922, reads:

"All informations shall be filed in the court having jurisdiction of the offense specified therein, by the prosecuting attorney of the proper county as informant," etc.

"Where by the Constitution or by statute an information is required, the official information of the prosecuting attorney must be filed." 31 C. J. 638, sec. 152.

The quoted section of the statute was wholly overlooked, notwithstanding its language is mandatory. The failure to comply therewith constituted a jurisdictional defect. *Cubbison v. Beemer,* 81 Neb. 824; *In re Vogland,* 48 Neb. 37; *Lower v. State,* 106 Neb. 666; *Poulsom v. State,* 113 Neb. 767.

The judgment of the district court is reversed and the cause remanded.

REVERSED.

DEAN, J., dissenting.

This dissent is respectfully submitted because the record seems fairly to show that while the case was being tried a complaint was on file in the office of the clerk of the district court. In the so-called "Plea in Abatement of Information," it is not alleged that no complaint was on file in the district court. It is elementary that such plea must specifically point out the errors complained of, otherwise they are waived. *Baldwin v. State,* 12 Neb. 61. Defendant was arraigned and pleaded "not guilty." The jury returned a verdict of guilty. Defendant waived all defects which might be excepted to by a plea in abatement by pleading the general issue. Comp. St. 1922, sec. 10113. These cita-

tions are in point: *Korth v. State,* 46 Neb. 631; *Trimble v. State,* 61 Neb. 604; *Reinoehl v. State,* 62 Neb. 619; *Ingraham v. State,* 82 Neb. 553; *Huette v. State,* 87 Neb. 798. See, also, *State v. Carver,* 49 Me. 588; *State v. Mockus,* 120 Me. 84, 14 A. L. R. 871; 14 R. C. L. 208, 209, sec. 52. The issues raised by the plea in abatement were tried by the court and denied. Every presumption is that the proceedings of the court, being a court of record, were regular and cannot be impeached except by the best evidence obtainable. 15 R. C. L. 875, sec. 853. The state has presented a meritorious case. Clearly defendant, under the law, barring technicalities, should be concluded by the facts which are disclosed by the record.