FRED V. THOMPSON, APPELLANT, V. JOSEPH O'GRADY, WARDEN, APPELLEE.

290 N. W. 716

FILED MARCH 8, 1940. No. 30714.

*Fred V. Thompson, pro se.*

*Walter R. Johnson, Attorney General,* and *George W. Ayres, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

EBERLY, J.

Fred V. Thompson, the petitioner in a habeas corpus application, appeals from the final order of the district court for Lancaster county denying him the relief prayed for.

In his petition for a writ of habeas corpus, filed in the district court for Lancaster county on February 25, 1939, relator alleges that, in the district court for Douglas county, Nebraska, he was charged with a robbery committed on January 25, 1935, and when arraigned in that court he pleaded "guilty;" that by that court, on March 30, 1935, a judgment was made and sentence imposed against him, that he be taken to the state penitentiary and there imprisoned for a period of 20 years from and after that date. Relator, in effect, alleges that the information upon which he was convicted and sentenced was a "nullity," and wholly void, "in that it was not made, signed, verified, nor filed by a person authorized by law so to do." It may be said that the "charge" or "body" of this instrument is not challenged or questioned. The information thus attacked is in the form following, viz.:

"The State of Nebraska,
Plaintiff,
—vs—
Tony Yankish and Fred V.
Thompson, Defendants.
38-440. Information: Robbery

"Now comes the County Attorney on behalf of the State of Nebraska and presents to the Court an information against the above named defendants, which is hereby ordered of record. Said information reads and is as follows, to-wit: * * *

"The State of Nebraska ⎱ ss
County of Douglas ⎰
"Of the February term of the District Court of the Fourth Judicial District of the State of Nebraska, within and for the County of Douglas and State of Nebraska, in the year of our Lord one thousand nine hundred thirty-five, I, Paul J. Garrotto, Chief Deputy County Attorney, in and for the County of Douglas in said State of Nebraska, who prosecutes for and in behalf of said State, in the District Court of said District, sitting in and for said County of Douglas, and duly empowered by law to inform of offenses committed in said County of Douglas, come now here in the name and by authority of the State of Nebraska, and give the Court to understand and be informed, that on or about the 25th day of January in the year of Our Lord one thousand nine hundred thirty-five, Tony Yankish and Fred V. Thompson, late of the County of Douglas aforesaid, in the County of Douglas and State of Nebraska aforesaid, then and there being, then and there in and upon one Leo Herdzina, unlawfully, feloniously, forcibly and by violence did make an assault, and him, the said Leo Herdzina, in bodily fear then and there feloniously did put, and then and there from the person of him, the said Leo Herdzina, and against his will, unlawfully, feloniously, forcibly, by violence and by putting him in fear, did steal, take and carry away Two Hundred Ten Dollars in good and lawful money of the United States of America of the value of $210.00, the personal property of Metropolitan Utilities District, a public corporation, and which was then and there in the care, custody and control of said Leo Herdzina as Manager of said corporation, with the intent of them, the said Tony Yankish and Fred V. Thompson, in so doing, unlawfully, forcibly and with violence to steal, take and carry said property away: contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Nebraska.
"Paul J. Garrotto, Chief Deputy County Attorney.

"The State of Nebraska  } ss
County of Douglas

"I, Paul J. Garrotto, being first duly sworn, on oath depose and say that I know the contents of the foregoing information; that I have read the same, and the facts set forth in said information are true to the best of my knowledge and belief.

"Paul J. Garrotto

"Subscribed in my presence and sworn to before me this 7th day of March, A. D., 1935.

"Frank McGrath,
"Clerk of the District Court
"(Seal)     By Maxwell F. McCollough,
"Deputy."

As applied to the foregoing instrument, relator's contentions are fully answered by the doctrines of this court announced in *Holland v. State,* 100 Neb. 444, 160 N. W. 893, viz.:

"1. 'It is too late to object to the verification of an information after the accused has been arraigned, and pleaded not guilty, unless such plea has been withdrawn.' *Johnson v. State,* 53 Neb. 103.

"2. Section 5599, Rev. St. 1913, authorizes a county attorney to appoint deputies to assist him in the discharge of his duties, and a deputy so appointed and qualified may sign a criminal information.

"3. When the right of a person to sign an information as deputy county attorney is questioned for the first time after arraignment and plea, and while a plea of not guilty is still pending, his appointment, qualification and right to sign, in the absence of a showing to the contrary, will be presumed."

See, also, 31 C. J. 635.

Then too, "The general rule is that where an objection is not made at the time prescribed by law, the ground of objection is waived. The rule that objections not made in the lower court will not be considered when made for the

first time on appeal is applicable to objections to defects in an indictment or information, and ordinarily the right to make such objections is waived if they are not made until the cause has been submitted to the jury." 12 Standard Ency. of Procedure, 661.

It is also a well-established principle of criminal procedure that, "A plea of guilty waives any defect not jurisdictional, and which may be taken advantage of by motion to quash or by plea in abatement." 16 C. J. 403.

See, also, *Johnson v. State,* 53 Neb. 103, 73 N. W. 463; *Emery v. State,* 78 Neb. 547, 111 N. W. 374; *Matters v. State,* 120 Neb. 404, 232 N. W. 781; *Buthman v. State,* 131 Neb. 385, 268 N. W. 99.

It follows, therefore, that objections to the information in the instant case, and to the sentence based thereon, because it was "made, signed, verified and filed" by "Paul J. Garrotto, Chief Deputy County Attorney" in and for the county of Douglas, state of Nebraska, at the time when first made and disclosed, came too late and were wholly unavailing. Delay operated as a waiver. In addition, the deputy county attorney was vested with ample authority to perform the questioned act.

The judgment of the district court, therefore, is in all respects correct, and is

AFFIRMED.