State of Nebraska, appellee,
v. Gerald R. Tlamka, appellant.
585 N.W.2d 101

Filed September 8, 1998.    No. A-97-263.

Gerald R. Tlamka, pro se.

Don Stenberg, Attorney General, J. Kirk Brown, and, on brief, Jay C. Hinsley.

HANNON, IRWIN, and INBODY, Judges.

IRWIN, Judge.

## I. INTRODUCTION

Gerald R. Tlamka appeals the order of the district court for Lancaster County denying his motion for postconviction relief. On appeal, Tlamka challenges the enhancement of his sentence based on prior convictions and the effectiveness of his trial and appellate counsel. For the reasons set forth below, we affirm.

## II. FACTUAL BACKGROUND

On September 16, 1994, Tlamka, with counsel present, entered a plea of no contest to motor vehicle homicide and driving while under a 15-year suspension of his driver's license. On October 27, an enhancement hearing was held on the motor vehicle homicide conviction to determine whether the charge was punishable as a Class III felony or a Class IV felony. The court received evidence without objection showing that Tlamka had been convicted of driving while under the influence of alcoholic liquor (DUI) in 1983, 1985, and 1986. Subsequently, the district court found that Tlamka's prior DUI convictions could be used to enhance his present motor vehicle homicide convic-

tion to a Class III felony. Tlamka was subsequently sentenced. He then appealed. His sentences were affirmed by a panel of this court in an unpublished opinion filed December 12, 1995.

On October 7, 1996, Tlamka filed a motion for postconviction relief from his motor vehicle homicide conviction. The State opposed his motion. A telephonic hearing was held on the motion on November 19. Thereafter, the district court denied Tlamka's motion. This appeal timely followed.

## III. ASSIGNMENTS OF ERROR

Tlamka assigns that the district court erred in finding that prior convictions for DUI were properly used to enhance his sentence for motor vehicle homicide and that his trial and appellate counsel was ineffective in failing to challenge the use of the prior DUI convictions and the information that was not properly verified.

## IV. ANALYSIS

We address Tlamka's contention that he was denied effective assistance of counsel in violation of the Sixth Amendment to the U.S. Constitution and article I, § 11, of the Nebraska Constitution. A defendant requesting postconviction relief must establish the basis for such relief, and the factual findings of the district court will not be disturbed unless they are clearly erroneous. *State v. Fletcher*, 253 Neb. 1029, 573 N.W.2d 752 (1998); *State v. Boppre*, 252 Neb. 935, 567 N.W.2d 149 (1997).

In order to state a claim of ineffectiveness of counsel and thereby obtain reversal of a conviction, a defendant must show that (1) counsel's performance was deficient and (2) such deficient performance prejudiced the defense, that is, demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *State v. Becerra*, 253 Neb. 653, 573 N.W.2d 397 (1998); *State v. Turner*, 252 Neb. 620, 564 N.W.2d 231 (1997). See, also, *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). However, where a defendant is unable to demonstrate sufficient prejudice, no examination of whether counsel's performance was deficient is necessary. *Becerra, supra.*

### 1. VERIFICATION

Tlamka contends that his trial and appellate counsel was ineffective in failing to challenge the adequacy of the information under which he was charged. Tlamka contends that the information was not properly verified pursuant to Neb. Rev. Stat. § 29-1603 (Reissue 1995). This statute provides, in relevant part: "All informations shall be verified by the oath of the county attorney, complainant, or some other person . . . ." *Id.* Apparently, Tlamka is arguing that the deputy county attorney who filed the information in his own name on behalf of the State did not have the authority to do so.

We conclude that Tlamka was not prejudiced by this alleged deficiency. The issue whether a deputy county attorney may file and verify an information in his or her own name on behalf of the State was addressed by the Nebraska Supreme Court in *Thompson v. O'Grady*, 137 Neb. 641, 290 N.W. 716 (1940), *cert. denied* 311 U.S. 645, 61 S. Ct. 9, 85 L. Ed. 411. In *Thompson*, an information was filed in the district court for Lancaster County charging Thompson with robbery. The information was signed and verified by the " 'Chief Deputy County Attorney.' " 137 Neb. at 643, 290 N.W. at 717. Thompson alleged that the information upon which he was convicted and sentenced was a " 'nullity,' and wholly void, 'in that it was not made, signed, verified, nor filed by a person authorized by law so to do.' " *Id.* at 642, 290 N.W. at 717. In affirming the judgment of conviction, the Nebraska Supreme Court reasoned that the objections to the information were made for the first time on appeal and, therefore, were waived and that "[i]n addition, the deputy county attorney was vested with ample authority to perform the questioned act." *Id.* at 645, 290 N.W. at 718. See *Holland v. State*, 100 Neb. 444, 160 N.W. 893 (1916). Therefore, Tlamka's contention that he received ineffective assistance of counsel on this basis is without merit.

### 2. ENHANCEMENT OF SENTENCE

Tlamka also contends his counsel was ineffective in failing to challenge the use of his prior DUI convictions to enhance his sentence for motor vehicle homicide. Tlamka argues that his attorney should have asserted that the provisions of Neb. Rev.

Stat. § 60-6,196 (Reissue 1995) prohibiting the use of DUI convictions more than 8 years old to enhance a current DUI conviction also apply to Neb. Rev. Stat. § 28-306 (Reissue 1995), which is the motor vehicle homicide statute. We note that effective April 19, 1998, § 60-6,196 was amended to provide that prior DUI convictions up to 12 years old may be used to enhance a current DUI conviction. 1998 Neb. Laws, L.B. 309. We address whether Tlamka has proved prejudice in this regard.

Section 28-306(c) provides: "If the proximate cause of the death of another is the operation of a motor vehicle in violation of section 60-6,196, motor vehicle homicide is a Class III felony *if the defendant has a prior conviction under section 60-6,196 . . . .*" (Emphasis supplied.) The subsections of § 60-6,196 that Tlamka argues should apply to § 28-306 set forth the penalty for a DUI conviction. Under these subsections, the severity of the penalty for a current DUI conviction depends on whether the defendant has prior DUI convictions. Subsections (b) and (c) of § 60-6,196 provide that prior DUI convictions "under this section in the eight years prior to the date of the current conviction" may be used to enhance the current DUI conviction.

The question before us is one of statutory interpretation. Statutory interpretation is a matter of law, in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the conclusion reached by the courts below. *State v. Irons*, 254 Neb. 18, 574 N.W.2d 144 (1998); *State v. Roucka*, 253 Neb. 885, 573 N.W.2d 417 (1998). Penal statutes are to be strictly construed. *State v. Cebuhar*, 252 Neb. 796, 567 N.W.2d 129 (1997); *State v. Ryan*, 249 Neb. 218, 543 N.W.2d 128 (1996). See, also, *State v. White*, 254 Neb. 566, 577 N.W.2d 741 (1998). In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning; an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *State v. Atkins*, 250 Neb. 315, 549 N.W.2d 159 (1996). It is not for the courts to supply missing words or sentences to make clear that which is indefinite or to supply that which is not there. *Ryan, supra.*

Sections 28-306 and 60-6,196 each have a separate subsection that defines the respective crime, and each has a subsection that provides the penalties for the crime defined. In reading the statutes, it is clear that when § 28-306 refers to "a prior conviction under section 60-6,196," it is simply referring to the crime defined in § 60-6,196, i.e., DUI. Section 28-306 provides its own penalties for the crime of motor vehicle homicide. If the Legislature had intended to place a time limitation on the use of prior DUI convictions to enhance the penalty for motor vehicle homicide, it could have done so by including such a limitation in § 28-306, just as it did in § 60-6,196 to limit the time that prior DUI convictions may be used to enhance subsequent DUI convictions.

We note that the Legislature has chosen to enhance the sentence for other crimes by proof of a prior conviction, without limiting the time that such prior convictions may be used. For example, Neb. Rev. Stat. § 28-319 (Reissue 1995) provides that a sentence be enhanced if a defendant is convicted of first degree sexual assault for a second time, without providing a time limitation regarding the use of the prior conviction. The habitual criminal statute also provides no time limitation for the use of prior convictions. See Neb. Rev. Stat. § 29-2221 (Reissue 1995). It is apparent that the Legislature has chosen to apply time constraints regarding the enhancement of the penalty for some crimes and has chosen not to do so with others. This is the Legislature's prerogative.

For these reasons, we conclude that the portion of § 60-6,196 providing that DUI convictions more than 8 years old may not be used to enhance subsequent DUI convictions does not apply to § 28-306. Based upon our reading of the statutes, a prior DUI conviction may be used to enhance a subsequent conviction for motor vehicle homicide regardless of the age of the prior DUI conviction. As a result, Tlamka was not prejudiced by the failure of his counsel to challenge the use of his prior DUI convictions to enhance the penalty for his conviction of motor vehicle homicide to that for a Class III felony.

## V. CONCLUSION

As Tlamka was not prejudiced by the alleged deficiencies of his counsel, Tlamka did not prove that his constitutional right to

effective assistance of counsel was violated. Because his prior DUI convictions were properly used to enhance his sentence for motor vehicle homicide, his assigned error to the contrary is without merit. For these reasons, Tlamka was not entitled to postconviction relief. Therefore, we affirm.

AFFIRMED.