# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-2929
_____

United States of America

*Plaintiff - Appellee*

v.

Jeremy D. Terrell

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Ft. Dodge
_____

Submitted: October 19, 2018
Filed: January 10, 2019
_____

Before WOLLMAN, ARNOLD, and BENTON, Circuit Judges.
_____

BENTON, Circuit Judge.

Jeremy D. Terrell pled guilty to conspiracy to distribute methamphetamine and possession with intent to distribute meth and "a mixture or substance containing a detectable amount of cocaine" in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A),

§ 841(b)(1)(C), 846, and 851. The district court[1] denied the motion to suppress evidence from the wiretaps. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

In 2014, Nebraska law enforcement began investigating a series of gang-related robberies. Terrell, an alleged member of the NIKE gang, was a "target suspect." In 2015, the county attorney for Douglas County, Nebraska submitted a wiretap application—not "signed and sworn"—to the Nebraska Attorney General. The application sought to tap the phones of two members of the NIKE gang (not Terrell). It included extensive information about felony firearms violations, drug use and trafficking, robberies, and gang activity. The Attorney General recommended granting it. The next day, the state court ordered the wiretap. It later extended it.

In August 2015, after the first wiretap ended, the county attorney applied for a wiretap on Terrell's phones. The county attorney submitted another wiretap application—again not "signed and sworn"—to the Nebraska Attorney General, who recommended granting it. Four days later, the state court ordered the wiretap. It also was extended.

The second wiretap ended September 15. Terrell learned about the wiretaps for the first time on October 26 during a proffer interview with law enforcement. He received written notice of the wiretaps in January 2016.

Terrell contends the district court erred in denying his motion to suppress. This court reviews the district court's factual findings for clear error, and its legal conclusions de novo. *United States v. Lomeli*, 676 F.3d 734, 738 (8th Cir. 2012).

---

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

## I.

Terrell believes the wiretaps and extensions were invalid because they were not preauthorized by the Nebraska Attorney General. The federal wiretap statute requires that a federal prosecutor, before applying to a federal court for a wiretap, receive authorization from the United States Attorney General (or a designee). *See* **18 U.S.C. § 2516(1)**. Terrell argues this requirement applies to Nebraska's state wiretap statute. It does not.

A "wiretap order issued by a state court must comply with state as well as federal law." *United States v. Moore*, 41 F.3d 370, 373 n.1 (8th Cir. 1994). When sought by a state prosecuting attorney, the federal statute requires that state-issued wiretaps comply with "applicable State statute." *See* **18 U.S.C. § 2516(2)**. Under the Nebraska wiretap statute, the Attorney General is required to give a recommendation, not pre-authorization, to the district court. *See* **Neb. Rev. Stat. § 86-291** ("Within twenty-four hours of receipt by the office of the Attorney General of the application from the county attorney, the Attorney General or his or her designated deputy or assistant, as the case may be, shall state to the district court where the order is sought his or her recommendation as to whether the order should be granted."). The district court did not err in granting the wiretap applications without preauthorization from the Nebraska Attorney General.

## II.

Terrell argues the wiretap applications were improper because they were not sworn under oath before submission to the Attorney General and were submitted by a deputy county attorney rather than the principal county attorney. Both arguments are without merit.

There is no requirement that wiretap applications be sworn under oath before submission to the Nebraska Attorney General. The Nebraska statute, like 18 U.S.C.

-3-

§ 2518(1), requires only that a wiretap application be sworn under oath before presentation to the judge, not the Attorney General. *See* **Neb. Rev. Stat. § 86-293(1)** ("Each application for an order authorizing or approving the interception of a wire, electronic, or oral communication shall be made in writing upon oath or affirmation to a judge of a district court and shall state the applicant's authority to make such application.").

There also is no requirement that wiretap applications be submitted to the Attorney General by the principal county attorney. Although the federal wiretap statute requires the "principal prosecuting attorney" of the state to submit the wiretap application to the judge, there is no similar requirement for submission to the Attorney General. *See* **18 U.S.C. § 2518(2)**. Nebraska also does not have this requirement. Nebraska law authorizes a county attorney to appoint one or more deputies to assist in the discharge of official duties. *See* **Neb. Rev. Stat. § 23-1204**. Nothing in the Nebraska wiretap statute prohibits deputy county attorneys from submitting wiretap applications to the Attorney General. *See* **Neb. Rev. Stat. § 86-291**. *See also* ***Thompson v. O'Grady***, 290 N.W. 716, 718 (Neb. 1940) (holding that a deputy county attorney has the authority under Nebraska law to sign a criminal information for the county attorney). The district court did not err in granting the wiretap applications despite these objections.

III.

Terrell asserts the first wiretap—which listed him as a target subject—lacked probable cause. The Nebraska requirement for probable cause matches the federal requirement. *See* **Neb. Rev. Stat. § 86-293(3)(a)-(d); 18 U.S.C. § 2518 (3)(a)-(d)**. The federal wiretap statue does not "prohibit the government from listing someone as a target subject even if probable cause is lacking as to that person." ***United States v. Dunn***, 723 F.3d 919, 927 (8th Cir. 2013). The district court did not err in finding probable cause to wiretap Terrell's co-conspirators: "Law enforcement officers had

information from multiple sources that defendant and other members of a gang were involved in bank robberies and narcotics trafficking. The reliability of these sources was corroborated." Thus, Terrell properly was listed as a target subject. *Id.*

Terrell also claims that the length of time from gathering the information until ordering the wiretap made probable cause stale. The district court said "the mere lapse of time between information and its use in an affidavit is not controlling, a court must also consider the nature of the criminal activity involved and whether such activity is continuous or ongoing in nature." A lapse in time is less significant when the criminal activity is continuous and ongoing. *See **United States v. Jeanetta***, 533 F.3d 651, 655 (8th Cir. 2008) ("[W]here continuing criminal activity is suspected, the passage of time is less significant."); ***United States v. Macklin***, 902 F.2d 1320, 1326 (8th Cir. 1990) (same). Here, because the criminal activity was continuous and ongoing, the district court did not err in finding the probable-cause information was not stale.

IV.

Terrell disputes that wiretaps were necessary on his phones *and* those of his co-conspirators. Under Nebraska law, a judge may approve a wiretap application if the applicant shows that "normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous." **Neb. Rev. Stat. § 86-293(3)(c)**. *See* **18 U.S.C. § 2518(3)(c)** (containing similar language). "Whether the statutory requirement is met is to be determined by the issuing judge in a commonsense manner, and the determination is a finding of fact, which can be reversed only if clearly erroneous." ***United States v. Maxwell***, 25 F.3d 1389, 1394 (8th Cir. 1994). Terrell believes law enforcement failed to pursue several traditional procedures before seeking a wiretap. But the necessity requirement does not require the government to exhaust every available investigative technique. ***United States. v. Losing***, 560 F.2d 906, 910 (8th Cir. 1977) ("Congress did not require the exhaustion of 'specific' or 'all possible' investigative techniques before

wiretap orders could be issued."). Instead, "it is sufficient if there is evidence that 'normal investigative techniques . . . reasonably appear to be unlikely to succeed if tried.'" ***United States v. Williams***, 124 F.3d 411, 418 (8th Cir. 1997), *quoting* **18 U.S.C. § 2518(3)(c)**. The original wiretap affidavit detailed the investigative techniques police used before applying for the wiretap and reasons why other traditional procedures would be insufficient. The district did not clearly err in finding the wiretaps were necessary.

V.

Terrell maintains the government failed to give him timely notice of the wiretaps. The Nebraska statute, like 18 U.S.C. § 2518(8)(d), requires that "the persons named in the order" receive notice of the wiretap within 90 days after "the termination of the period of [a wiretap] order or extensions thereof." *See* **Neb. Rev. Stat. § 86-293(9)(a).**

The county attorney did not give Terrell written notice of the wiretaps on his phones until 120 days after their termination. Terrell did, however, receive actual notice of the wiretaps within the 90 days required by state statute. During a proffer interview with law enforcement—86 days after the first wiretap ended—agents told Terrell they had intercepted his calls. This was sufficient. *See* ***Dunn***, 723 F.3d at 927 (holding that "actual notice" of interception is adequate). The district court did not err when it found the government provided timely notice of the wiretaps.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____