## THE PEOPLE v. GEORGE BARRY.

MALICE IN CASE OF MUTUAL COMBAT.—If one person takes the life of another in
a mutual combat, and the slayer uses a weapon superior to the weapon of
the person slain, this fact is not of itself evidence from which malice may be
inferred.

MURDER IN FIRST DEGREE.—If, in necessary self defense, the aggressor is slain, the
fact that the slayer resolved to kill his adversary before the fatal blow was given,
does not make the killing murder in the first degree.

INSTRUCTION IN CRIMINAL CASE.—The Court should not, in its instructions in a
criminal case, pass upon the credibility and weight of circumstances in evidence.

APPEAL from the District Court, First Judicial District, Los
Angeles County.

The defendant appealed.

The other facts are stated in the opinion of the Court.

*George Cadwalader*, for Appellant.

*J. G. McCullough*, Attorney-General, for the People.

By the Court, CURREY, C. J.:

The defendant was indicted for murder, to which he plead
not guilty.   Upon the trial he was found guilty of murder in
the second degree, and was afterward sentenced to the State
Prison.

At the instance of the District Attorney the Court instructed
the jury as follows: " Malice is implied even in cases of
mutual combat from the use of deadly weapons; and when
one uses superior weapons to those possessed by the party
slain, malice may be inferred, and the killing amounts to
murder."

The evidence is not contained in the record before us.
Without it we are to presume the instruction given related to
the case as before the jury, and that from the evidence it
appeared there was a mutual combat between the accused and
the person slain at the time the homicide was committed.
The rule laid down in the above instruction is in effect that
the use of a deadly weapon by the accused was evidence of

malice, and that if the jury should be of the opinion it was superior to the weapon possessed by the person slain in the mutual rencounter, malice was to be inferred from that circumstance, and the killing should be found to be murder. It is sometimes the case that a person is slain in the necessary self defense of the slayer, when the character of the act is not to be, and cannot be determined by the superiority of the one weapon over the other. If A. should make an assault upon B., with a deadly weapon, by the use of which he might readily accomplish his manifested intent to kill B., and the latter having no other means of saving his own life, except by killing his assailant, should in necessary self defense slay him, could it be seriously contended that the act done in such necessary self defense was done with malice, and that the killing was murder, because it happened that the weapon so used in self defense was superior to that in the hands of the assailant? No one, we apprehend, would deliberately undertake to support such a proposition, and yet the instruction above set forth inculcates the doctrine that the superiority of the weapon used by the slayer in such a case is a fact from which it might properly be found that the killing was murder.

The Court also instructed the jury at the request of the District Attorney : " That if the jury find from the evidence that the defendant resolved to kill the deceased before the fatal blow was given, it would be murder in the first degree."

If the accused was defending himself from an attack of the deceased that rendered it necessary for the protection of his own life that he should kill him, though he resolved to kill him before the fatal blow was given, the killing was not murder. In cases of necessary self defense, the act done in such defense is justified on the ground that it was necessary for the preservation of the life of the slayer, and the intent to take the life of the assailant as a necessity may precede the act which results in his death.

The Court further instructed the jury at the instance of the District Attorney that " confessions when corroborated by

other circumstances of a man accused of a crime, are sufficient to convict and are entitled to the belief of the jury."

By this instruction the Court assumed the prerogative of the jury whose office it was to pass upon the credibility and weight of the circumstances, and was for that reason erroneous.

Judgment reversed and a new trial ordered.