32 213
93 644

## THE PEOPLE *v.* PHILIP DICK.

REVIEW OF INSTRUCTIONS GIVEN BY COURT BELOW.—If the defendant in a criminal case seeks a reversal of the judgment on the ground of error in giving or refusing instructions, the record must contain sufficient of the facts of the case to show the pertinency of the instructions given or refused, or the appellate Court will not review the action of the Court below.

IDEM.—If the Court in its instructions assumes a certain state of facts as proved, which show the applicability of instructions given or refused, the appellate Court may review the action of the Court in giving or refusing them, without any of the evidence being embodied in the record.

IDEM.—If the action of the Court below in giving or refusing instructions is erroneous under any possible state of facts, the appellate Court will review it, notwithstanding the evidence is not in the record.

CONVICTION ON CIRCUMSTANTIAL TESTIMONY.—In order to convict a defendant of a crime upon circumstantial testimony alone, the circumstances proved must all concur to show that he committed the crime, and must all be inconsistent with any other rational conclusion, and must exclude to a moral certainty every other hypothesis but the single one of guilt.

CHARGE OF COURT AS TO FACTS.—It is better for the Court in charging the jury in a criminal case, to avoid assuming any material fact as proved, however clear to the mind of the Court such fact may seem to be established.

JURY JUDGES OF FACTS.—It is the province of the jury, unaided by the Court, to say whether a fact is proved or otherwise.

APPEAL from the District Court, Fifth Judicial District, San Joaquin County.

The defendant appealed.

The other facts are stated in the opinion of the Court.

*Frank T. Baldwin, T. A. Coldwell,* and *John C. Byers,* for Appellant.

The Court should have given the instructions asked by the defendant; for although some of them are partially given by the Court in its general charge to the jury, yet owing to the great length thereof and the equivocal language in which

couched, the jury are very liable to misapprehend its true meaning, and the defendant's rights be prejudiced thereby. (Crim. Prac. Act, Sec. 400; *People* v. *Ramirez*, 13 Cal. 172; *People* v. *Williams*, 17 Cal. 148; *People* v. *Ybarra*, 17 Cal. 171; *People* v. *Levison*, 16 Cal. 99, 100; *People* v. *King*, 27 Cal. 515; *People* v. *Strong*, 30 Cal. 151; *People* v. *Shuler*, 28 Cal. 490; 1 Greenleaf on Evidence, Sec. 34; 3 Greenleaf on Evidence, Sec. 137, and note 3; 1 Starkie on Evidence, 482, 483, 510; Burrill on Circumstantial Evidence, 181, 182.)

*J. G. McCullough, Attorney-General,* for the People.

The presumption is that the Court below charged in accordance with the law. (*People* v. *Jocelyn*, 29 Cal. 563; *People* v. *King*, 27 Cal. 514.) The record does not contain the evidence, and without it it will be presumed that the charge related to the case. (*People* v. *Levison*, 16 Cal. 99; *People* v. *Barry*, 31 Cal. 357.) The charge refused had already been given in substance by the Court. The defendant therefore sustained no injury.

By the Court, CURREY, C. J.:

The defendant was indicted for the murder of S. M. Simpson, alleged to have been committed on the 12th of May, 1866, at the County of San Joaquin. The accused was tried and found guilty of murder in the first degree, and thereupon sentenced to be executed.

The transcript of the record contains no portion of the evidence given at the trial. The only alleged errors of which we can take notice arise from the charge of the Judge to the jury and the refusal by the Court to give certain instructions which counsel requested on behalf of the defendant.

The party who asks for a reversal of a judgment on the ground of errors committed upon the trial must show in what the errors consist, for this Court will not, as has been said, presume error unless the facts from which such a presumption can fairly be deduced are disclosed by the record. But it is

not in all cases necessary, in order to ascertain that a fatal error has been committed, that the evidence should be before the Court of review. If the action of the Court of which complaint is made be manifestly erroneous under any and every conceivable state of facts, or under the facts and circumstances of the case as they seem to have been assumed by the Court that tried the cause, this Court will not hesitate to review such action, notwithstanding the evidence may not be brought before us. (*People* v. *Levison*, 16 Cal. 98; *People* v. *King*, 27 Cal. 514.)

The Court, in charging the jury, assumed that the evidence implicating or tending to implicate the defendant in the crime of which he was accused, was of a circumstantial kind, and elaborated the subject of circumstantial evidence at great length before the jury. The instructions which the defendant's counsel requested the Court to give to the jury were predicated of facts and circumstances which seem to have been proved, and which it was claimed on the part of the people warranted the jury in finding the defendant guilty of the murder of Simpson, while on the part of the defendant it was maintained that the circumstances in proof must not only all concur to show that the accused committed the crime, but that they were inconsistent with any other rational conclusion. We are therefore to assume from what the record contains that the evidence produced against the defendant was of facts and circumstances, from which it was the province of the jury to deduce the proper conclusion, and that the charge of the Court relates legitimately to the case as it stood upon the evidence before the jury. (*People* v. *Barry*, 31 Cal. 357.)

After the jury had been charged at length, the defendant's counsel requested the Court to instruct them, "that in order to convict the defendant upon the evidence of circumstances, it is necessary not only that all the circumstances concur to show that he committed the crime charged, but that they are all inconsistent with any other rational conclusion." And, also, in these words: "It is not sufficient that the circumstances proved coincide with, account for and therefore render

probable the hypothesis sought to be established by the prosecution, but they must exclude to a moral certainty every other hypothesis but the single one of guilt, or the jury must find the defendant not guilty." These requested instructions, with others, the Court refused to submit to the jury, and to the denial of the defendant's request his counsel duly excepted.

There is no doubt respecting the soundness of the legal propositions contained in the two instructions above set forth, nor of their pertinency to the case before the jury. (8 Greenl. Ev., Sec. 137; Burrill on Cir. Ev. 181, 182; 1 Starkie Ev. 482, 483.) But the action of the Court is sought to be justified on the ground that the import of these requested instructions was contained in the general charge of the Court, and that as the jury was correctly instructed in the law of these requested and rejected instructions the defendant sustained no injury because of the Court's refusal to repeat what had in substance been already said. We have carefully examined the general charge of the Court with the view to ascertain if the excuse assigned for the action of the Court is well founded, and are of the opinion that it is not. The general charge comprehended the legal propositions contained in some of the instructions which were requested and refused, but not in those embodied in the instructions above set forth. We have no doubt as to the right of the defendant to have the instructions under consideration given to the jury.

Objections are made by the defendant's counsel to portions of the charge of the Court to the jury which we shall omit noticing specifically notwithstanding we are of the opinion some of such objections are not entirely without just grounds; but they can be avoided upon a new trial, we apprehend, without pointing them out further than to say that it would be better for the Court to avoid assuming any material fact in issue as proved, however clear to the mind of the Judge such fact may seem to be established, because it is the province of the jury unaided by the Judge to say whether a fact is proved or otherwise.

Judgment reversed and a new trial ordered.