[No. 2,447.]

## THE PEOPLE v. LEWIS MURRAY.

IMPEACHMENT OF WITNESS. — Where the defendant introduces witnesses to impeach the credibility of one of plaintiff's witnesses, it is not an abuse of discretion in the Court to limit him to eight witnesses, provided the plaintiff introduces no witnesses to sustain his credibility.

INSTRUCTIONS TO JURY. — Where an instruction asked has already been given substantially by the Court, it is not error to refuse it, but in a criminal case the better course is to give it.

INFERENCE OF GUILT FROM CIRCUMSTANTIAL EVIDENCE.—The law does not require, in order to justify the inference of legal guilt in cases of circumstantial evidence, that the existence of the inculpatory facts must be absolutely incompatible with the innocence of the accused, and incapable of explanation upon any other reasonable hypothesis than that of guilt. The true rule is, that the facts shall not only be consistent with the guilt of the accused, but inconsistent with any other rational conclusion.

APPEAL from the County Court of Sutter County.

The defendant was convicted of the crime of an assault with intent to commit murder, and appealed.

The other facts are stated in the opinion.

*Whitesides & McQuaid*, and *Coffroth & Spaulding*, for Appellant.

Attorney General, *Jo Hamilton*, for the People.

By the Court, RHODES, C. J.:

The record does not show that the prosecution introduced any evidence, to sustain the witness, whose credibility was attacked by the defendant. Under those circumstances, it was not an abuse of discretion, for the Court to limit the defendant to eight witnesses, on the question of the credibility of the witness for the prosecution.

The defendant's first instruction was substantially given in the charge of the Court, and its refusal, therefore, was not erroneous. But, as has frequently been said by this Court, it is the better course for the Court in such case to give the instruction. The labor and expense of a motion for a new trial, or of an appeal, may thus be sometimes avoided.

The appellant's third point is not tenable. The instruction refused is as follows: "In order to justify the inference of legal guilt, the existence of the inculpatory facts must be absolutely incompatible with the innocence of the accused, and incapable of explanation upon any other reasonable hypothesis than that of his guilt." To require the facts to be "absolutely incompatible" with the innocence of the accused, is to require proof of his guilt beyond the possibility of a doubt. The law requires that the facts shall not only be consistent with the guilt of the accused, but inconsistent with any other rational conclusion. A higher degree of certainty, in establishing the guilt of the accused, by means of circumstantial evidence, cannot be required without rendering such evidence valueless. (*People* v. *Dick*, 32 Cal. 215; *People* v. *Cronin*, 34 Cal. 201.)

Judgment affirmed.