[No. 20129. In Bank.—February 25, 1886.]

## THE PEOPLE, RESPONDENT, *v.* CHARLES DE WITT, APPELLANT.

CRIMINAL LAW—MURDER—EVIDENCE. — On a trial for murder, a witness for the prosecution testified that the defendant fired three shots, the second and third of which struck the deceased, causing her death, and that the third shot struck her in the arm. At the coroner's inquest, the witness had testified that the second shot struck the arm of the deceased. The counsel for the defendant, after reading to the witness her testimony at the coroner's inquest, asked her how she knew that it was the second shot that struck the arm of the deceased. *Held,* that the question was improper.

·ID.—IMMATERIAL EVIDENCE.— The witness further testified, in response to a question by the district attorney, that she had never been on the witness-stand but once before, and that then she was very much excited. The counsel for the defendant then asked her what she was called to testify for. *Held,* that the question was immaterial.

ID.—LEADING QUESTION. — A witness for the prosecution was asked whom he saw watching around the place of the homicide. *Held,* that the question was not leading.

ID.—IMPEACHMENT OF WITNESS—CONTRADICTORY STATEMENTS. —In response to a question if he saw any one there, the witness testified that he saw some person at a distance, but did not recognize him at the time, and could make no statement as to who the person was. The prosecution then called other witnesses, who testified that the witness had stated

to them that he had seen the defendant near the place of the homicide. *Held,* that the evidence was inadmissible, but that the error was immaterial, since the other evidence conclusively showed that the defendant was at and near the place of the homicide on the night of its commission.
ID. — INSTRUCTION — SELF-DEFENSE — NECESSITY. — The court instructed the jury that in order to justify the taking of life on the ground of necessity, "it must not only appear that the defendant had reason to believe, and did believe, that he was in danger of his life or of receiving great bodily harm, but it must also appear to the defendant's comprehension as a reasonable man that to avoid such danger, it was necessary for him to take the life of the assailant." *Held,* that the instruction was proper.

APPEAL from a judgment of the Superior Court of Colusa County, and from an order refusing a new trial.

The facts are stated in the head-notes and the opinion of Mr. Justice Thornton.

*T. J. Hart,* and *George L. Cutler,* for Appellant.

*Attorney-General Marshall,* and *Edwin Swinford,* for Respondent.

THORNTON, J. — The defendant was accused of murder, and convicted of it in the first degree.

The court committed no error in sustaining the objection to the question of counsel for defense: "How do you know?" In fairness to the witness, the objection should have been and was properly sustained.

There was no error in sustaining the objection to the question of counsel for defense: "What for?" The witness had replied to questions of counsel for prosecution that she was never on the stand as a witness but once before, and that then she was very much excited. The question was then asked by the defense: "What for?" — that is, for what was she called to testify. The objection to it was sustained. The question referred to a matter entirely immaterial, and the court committed no error in sustaining the objection to it.

We perceive no error in the question asked Dr. Tooley as to the range of the ball. It referred to an immaterial matter.

The question put to the witness Vincent, "Whom did you see watching around the house?" (referring to the house where deceased was before and when she was killed,) was not leading.

To the question by the court, "Did you see anybody there?" (referring to the space around the house where the homicide was committed,) the witness (Vincent) answered: "I saw some person standing at a distance, but I could not recognize him at the time, and I can't make any statement about who the party was."

The court committed no error in allowing Matt Sullivan and Charles Crockett to testify to the statements made to them by the witness Vincent. The foundation was laid for the introduction of such statements as provided by section 2052, Code of Civil Procedure, and the prosecution, under section 2049, Code of Civil Procedure, is allowed to impeach his own witness by proving statements inconsistent with his present testimony given on the trial. The evidence of Vincent's contradictory statements was in regard to a matter material to the issue, and the statements were of the character allowed to be given in evidence. In *People* v. *Jacobs*, 49 Cal. 384, section 2049, Code of Civil Procedure, was not referred to, and though decided in 1874, after the code went into effect, the case must have occurred prior to its adoption, and prior to the enactment of section 2049, Code of Civil Procedure above referred to.

The questions asked by the prosecution of Vincent in his examination of him were admissible under the rule laid down in Greenleaf on Evidence, section 444 a, Redfield's edition, which is quoted in the opinion of this court in *People* v. *Jacobs*, 49 Cal. 385.

We find no contradictions in the instructions of the court.

The defense objects to the following instruction:—

"The law of self-defense is founded on necessity, and in order to justify the taking of life upon this ground,

it must not only appear that the defendant had reason to believe, and did believe, that he was in danger of his life or of receiving great bodily harm, but it must also appear to the defendant's comprehension as a reasonable man that, to avoid such danger, it was necessary for him to take the life of the assailant."

It is urged that the instruction is erroneous for the reason that "it does away with the doctrine that the defendant may act upon appearances that are in fact false." It is further said for the defendant as to this direction: " Self-defense is not founded on necessity unqualifiedly. Its necessity may be apparent or real."

On examination of the instruction, we do not perceive that it does away with the doctrine of *apparent necessity*. When it was said in it that the necessity of taking life must appear to the defendant, the meaning is that it must appear from the circumstances of the homicide. The circumstances may show a real necessity, or one which was apparently real. A necessity apparently *real* is *real* as far as defendant's conduct is regarded. Either is sufficient to protect defendant. The instruction referred to was consistent with either a real or apparently real necessity. It did not take away either from the consideration of the jurors.

If the instruction in this regard was not sufficiently clear, the counsel for defendant should have asked the court to instruct the jury so as to make it clear to their comprehension. The court committed no error in giving it as it was given.

There is nothing in *People* v. *Flahave*, 58 Cal. 249, inconsistent with what is here said.

The judgment and order should be affirmed.

McKINSTRY, J., ROSS, J., McKEE, J., MYRICK, J., and SHARPSTEIN, J., concurring.—The court erred in permitting witnesses to testify to statements made by the witness Vincent, that he saw the defendant near the house

where the alleged homicide was committed, on the night of the homicide. (*People* v. *Jacobs*, 49 Cal. 384; *Commonwealth* v. *Welsh*, 4 Gray, 535.)

The provisions of the Code of Civil Procedure (sections 2049, 2052) do not authorize the admission of the testimony.

But the error was immaterial, since the testimony (including that of the defendant) is uncontradicted that the defendant was present at and near the house where the homicide was committed, on the night in question. Upon the other points discussed by him, we agree with the views of Mr. Justice Thornton.

The judgment and order are affirmed.

Rehearing denied.