[Crim. No. 1348. First Appellate District, Division One.—January 23, 1927.]

## THE PEOPLE, Respondent, v. MONICO BEDOY, Appellant.

[1] CRIMINAL LAW—CONCEALED WEAPONS—ALIENS—INSTRUCTIONS—EVIDENCE.—In a prosecution · of an unnaturalized foreigner for possessing a firearm capable of being concealed on the person, the trial court did not err in refusing to give an offered instruction that if there should exist in the minds of the jury two different theories, one being consistent with innocence and the other with guilt, and each finding support from the evidence, the former should be adopted and the defendant acquitted, where the evidence was not merely circumstantial, and where every substantial right of defendant was protected by instructions as to the presumption of innocence, burden of proof, and that the elements of the offense must be proved beyond a reasonable doubt.

[2] ID.—INSTRUCTIONS—REASONABLE DOUBT—OTHER INSTRUCTIONS.—In such prosecution, defendant was not prejudiced by the refusal of the trial court to give instructions separately stating the elements of the offense and charging the jury that a reasonable doubt as to either made an acquittal necessary, where other given instructions defined such elements and charged that both his possession and alien character must be proved beyond a reasonable doubt.

[3] ID.—PROOF OF OWNERSHIP OF FIREARM—INSTRUCTIONS.—In such prosecution, an instruction that it was unnecessary to prove ownership of the firearm, but that proof of possession or control was

---

1. See 26 Cal. Jur. 576.

sufficient, was not prejudicially erroneous in omitting to state that the facts must be established beyond a reasonable doubt, where the jury was elsewhere instructed as to the degree of proof necessary to convict.

[4] ID.—FOREIGN NATIVITY OF DEFENDANT—CORPUS DELICTI—ADMISSIONS—EVIDENCE.—In such a prosecution, the foreign nativity of defendant, being an essential element of the *corpus delicti,* should be established by evidence independent of his extrajudicial statements.

[5] ID. — SUFFICIENT PROOF OF CORPUS DELICTI — EVIDENCE — ADMISSIONS.—In such prosecution, where the *corpus delicti* was sufficiently proved by other witnesses, it was nonprejudicial error to admit evidence of extrajudicial statements made by defendant.

[6] ID. — CORPUS DELICTI — CIRCUMSTANTIAL EVIDENCE — It not being necessary that the *corpus delicti* be proved by direct evidence, the foreign birth of defendant and his possession of the firearm were sufficiently proved by circumstantial evidence.

[7] ID. — IMPEACHMENT OF WITNESS — CONTRADICTORY STATEMENTS. — The prosecution may not impeach its own witness, even though surprised by his testifying contrary to statements made by him on a previous occasion.

[8] ID. — ALIENS — BAPTISM — PUBLIC RECORDS — EVIDENCE. — In this prosecution of an unnaturalized foreigner for possessing a firearm capable of being concealed on the person, where the record of defendant's baptism was not proved to be a public document, a copy not properly authenticated in the manner provided by subdivision 8 of section 1918, of the Code of Civil Procedure, nor verified by a witness as a copy of a private document, was inadmissible.

[9] ID.—ADMISSION OF EVIDENCE—ERROR WITHOUT PREJUDICE—APPEAL. In such prosecution, although a copy of the record of defendant's baptism purporting to show his foreign nativity and evidence by the prosecution impeaching one of its own witnesses were erroneously admitted, such errors were not sufficient to require a reversal, where his conviction was supported by competent evidence and where the errors complained of did not result in a miscarriage of justice.

(1) 16 C. J., p. 1063, n. 85.    (2) 16 C. J., p. 988, n. 80.    (3) 16 C. J., p. 1053, n. 93.    (4) 17 C. J., p. 317, n. 10.    (5) 16 C. J., p. 772, n. 28.    (6) 2 C. J., p. 1075, n. 3; 16 C. J., p. 772, n. 31. (7) 40 Cyc., p. 2694, n. 10.    (8) 16 C. J., p. 744, n. 8 New.    (9) 17 C. J., p. 321, n. 45.

6.   See 8 Cal. Jur. 167.
7.   See 27 Cal. Jur. 170; 28 R. C. L. 642.

APPEAL from a judgment of the Superior Court of Fresno County and from an order denying a new trial. Charles R. Barnard, Judge. Affirmed.

The facts are stated in the opinion of the court.

Peckinpah & Carter, Rae B. Carter, Barcroft & Barcroft and Joseph Barcroft for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

CASHIN, J.—Appellant was charged by an indictment with a felony, to wit, that being foreign-born and unnaturalized he had in his possession a firearm capable of being concealed on the person. The appeal is from the judgment, entered on a verdict of guilty, and an order denying a new trial.

Appellant contends that the trial court erred in giving and refusing certain instructions to the jury and in its rulings on the admissibility of the evidence.

[1] An offered instruction stated in substance that if there should exist in the minds of the jury two different theories, one being consistent with innocence and the other with guilt, and each finding support from the evidence, the former should be adopted, and the defendant acquitted. This was refused. While it has been held that such an instruction is proper where the evidence is merely circumstantial, and that in such case an instruction declaring the rule should, if requested, be given (*People* v. *Dick*, 32 Cal. 213), where, as here, instructions as to the presumption of innocence, the burden of proof, and defining reasonable doubt, were given, and the jury was further instructed that to warrant conviction it is insufficient that the allegations of the indictment be supported by probabilities merely or by a preponderance of the evidence, but that the elements of the offense, which were stated, must be proven beyond a reasonable doubt, every substantial right of appellant was protected (*People* v. *Raber*, 168 Cal. 316 [143 Pac. 317]).

[2] The court also refused requested instructions separately stating the elements of the offense and charging the jury that a reasonable doubt as to either made an acquittal

necessary. Such refusal was not prejudicial, as the instruction in substance was included in others which defined the elements of the offense and instructed the jury in effect that if they found beyond a reasonable doubt the fact of possession they must further be convinced by the same degree of proof that appellant was an unnaturalized foreign-born person.

[3] It is further contended that an instruction that it was unnecessary for the prosecution to prove ownership of the firearm in question, proof of possession or control being sufficient, was prejudicially erroneous in omitting to state that the facts must be established beyond a reasonable doubt. The jury had been elsewhere instructed as to the degree of proof necessary to convict, and its omission here was not error; nor, as urged by appellant, did the court err in refusing to instruct that the prosecution was bound by certain evidence adduced in support of the charge in the · indictment.

[4] Evidence of certain extrajudicial statements made by appellant was admitted over his objection that the *corpus delicti* had not been proved. As held in *People* v. *Juarez,* 196 Cal. 404 [238 Pac. 363], the foreign nativity of the defendant, being an essential element of the *corpus delicti,* should be established by evidence independent of his extrajudicial statements. [5] According to evidence introduced by the prosecution independent of such statements the firearm in question was found under the mattress of the bed in a room occupied by appellant and his wife. Two witnesses, both natives of Mexico, one being appellant's younger brother, testified that appellant when a child resided in a certain town in Mexico, and that about the year 1917 he left that country and came to the United States. Though neither was able to testify to the fact of his foreign birth, they agreed in their testimony as to the name of his father and the town in Mexico in which the latter and appellant lived, one of the witnesses, named Viscara, testifying that he knew appellant when the latter was aged about five years and that he then resided in the town mentioned. [6] It not being necessary that the *corpus delicti* be proved by direct evidence (*People* v. *Alviso,* 55 Cal. 230.; *People* v. *Wilkins,* 158 Cal. 530 [111 Pac. 612]), the testi-

mony mentioned was reasonably sufficient to support the allegations of foreign birth and the possession of the firearm.

[7] As stated, the brother of the appellant was called as a witness for the prosecution. In the course of his examination this witness by a nod of the head responded in the affirmative to a question as to whether he saw on a certain occasion a pistol in the room occupied by appellant, but subsequently answered the question in the negative. Over appellant's objection, but with the permission of the court, the foundation was laid for impeaching his negative testimony by that of a witness who testified that on a previous occasion the same question had been answered in the affirmative. While it was clear that the prosecution was surprised by the second answer, the rule appears to be well settled that the impeaching testimony was not admissible (*People* v. *Dewitt,* 68 Cal. 584 [10 Pac. 212]; *People* v. *Creeks,* 141 Cal. 529 [75 Pac. 101]; *People* v. *De Martini,* 213 N. Y. 203 [L. R. A. 1915F, 601, 107 N. E. 501]; *People* v. *Purtell,* 243 N. Y. 273 [153 N. E. 72]; *Hickory* v. *United States,* 151 U. S. 303 [38 L. Ed. 170, 14 Sup. Ct. Rep. 334]).

[8] We find no merit in any of the remaining objections made to the rulings of the trial court except the following: There was admitted over appellant's objection a document translated from the Spanish language into English, which purported to be a copy of the record of a baptism at Zallattan, Mexico, on September 22, 1895, of one Monico "Vedoy" by Gregorio Castillio, the latter being described therein as the priest "substituted curate of this parish." The document was certified as a "copy faithfully taken from the original" by Joaquin Briseno Robles, "the prelate in charge," below which appears a certificate by Manuel Alvarado, described as the vicar-general of the arch-diocese of Guadalajara; that the signature and seal which appear on the copy are the ones which the curate "used on official documents." Whether the original document referred to was a public document or record does not appear; nor was it shown that either of the persons whose signatures are in evidence was the legal keeper thereof.

Assuming the competency of the original document as evidence of the matters stated therein, if a public writing,

it was essential in order to prove its contents by the copy alone that the latter be authenticated in the manner provided by subdivision 8 of section 1918 of the Code of Civil Procedure; or, if a private writing merely, that it be established by a witness qualified to say that the copy represented the contents of the original. We are of the opinion that the objection to its admission should have been sustained.

[9] Appellant contends that the errors were sufficiently prejudicial to warrant a reversal of the judgment. It appears, however, from the uncontradicted testimony of two officers that the firearm was found in the place stated above; and, in addition to the inference supporting the fact of possession reasonably to be drawn therefrom, an inference of his ownership might fairly be sustained by the statements of appellant made subsequent to its discovery by the officers. There also appears the testimony of those who knew him in Mexico, with his name and the fact that the extrajudicial statements mentioned were made in the Spanish language, reasonably support the conclusion that he was a native of that country. No evidence of naturalization was adduced by appellant (*People* v. *Juarez, supra*), and the competent evidence before the jury was sufficient to support the verdict.

We are of the opinion after an examination of the entire record that the errors mentioned were not prejudicial to a degree which can reasonably be said to have resulted in a miscarriage of justice.

The judgment and order are affirmed.

Tyler, P. J., and Knight, J., concurred.