149 So. 523

**STATE v. SHALL.**

**In re SHALL.**

No. 32409.

July 7, 1933.

Leo W. McCune, of Gretna, for relator.

John E. Fleury, Dist. Atty., and Ernest M. Conzelmann, Asst. Dist. Atty., both of Gretna, for the State.

ROGERS, Justice.

The defendant, Florian Shall, was charged, under Act No. 44 of 1890, with the offense of assaulting, striking, and wounding with intent to kill, one Tony Tramonti.

Defendant was arraigned under the charge on March 18, 1933, when he pleaded not guilty. The case was continued from time to time, and was finally called for trial on May 24, 1933. On that day, defendant, through his attorney, with permission of the trial judge, withdrew his plea of not guilty, and, waiving his right to a trial by jury, moved that he be tried by the court. Defendant's motion was denied, and he has invoked the supervisory powers of this court.

Defendant, in his application for remedial writs, alleges that the offense with which he is charged is a felony not capital nor necessarily punishable at hard labor, and therefore he may waive trial by jury and elect to be tried by the judge alone; and that he timely availed himself of his privilege.

Respondents, state of Louisiana and the trial judge, have submitted the matter on the face of the record.

All criminal cases in which the penalty is not necessarily imprisonment at hard labor, or death, shall be tried by the court without a jury or by a jury less than twelve in number as provided elsewhere in the Constitution. Const. 1921, art. 1, § 9.

A prosecution for any crime punishable by imprisonment with or without hard labor at the discretion of the court is triable by a jury of five or by the judge alone, at defendant's option. Const. 1921, art. 7, §§ 41 and 42; State v. Hataway, 153 La. 751, 96 So. 556.

Article 259 of the Code of Criminal Procedure provides that: "In all felony cases, not capital, or necessarily punishable with imprisonment at hard labor, the defendant shall at the time of arraignment be informed by the court that he may waive trial by jury and elect to be tried by the judge alone. If he so elect the judge shall fix and try the case without a jury according to the prescribed rules of the court."

Act No. 44 of 1890 reads in part as follows, viz.: "That whoever shall shoot, stab, cut, strike or thrust any person with a dangerous weapon with intent to kill shall be deemed guilty of a crime, and on conviction thereof shall suffer imprisonment with or without hard labor for not more than three years."

The minutes of the district court show that the defendant was arraigned on March 10, 1933, and pleaded not guilty, which plea was ordered recorded, and, on motion of the district attorney, the case was fixed for trial for March 21, 1933.

The minutes also show, after several continuances, that on May 24, 1933, the case came on for trial as regularly assigned, the state being represented by the district attorney, and the defendant being represented by his counsel. "With permission from the Court the accused thru his attorney withdrew his former plea of Not Guilty for the purpose of filing another motion."

"The accused thru his attorney waived trial by Jury, which motion was denied by the Court."

The minutes further show that counsel for the accused then served notice on the trial judge of his intention to apply to this court for the appropriate writs, and the case was continued without date.

It appears from the record, as we have shown, that defendant on arraignment was not called upon to elect whether he would be tried by a jury or by the judge alone. When the case was called for trial, defendant obtained permission of the trial judge to withdraw his plea of not guilty "for the purpose of filing another motion," and then, through his counsel, defendant waived a jury trial and moved that he be tried by the court. As the offense with which defendant is charged is punishable by imprisonment with or without hard labor, it was clearly defendant's privilege to do this, and we think the privilege was exercised timely by him.

For the reasons assigned, it is ordered that the ruling herein complained of be set aside, and it is now ordered that defendant be permitted to waive a jury trial, and that he be tried by the court without a jury for the offense with which he is charged herein.