159 So. 710

## STATE v. BOWDEN et al.
### No. 33210.

Feb. 4, 1935.

Rehearing Denied March 4, 1935.

John G. Gibbs, of Natchitoches, for applicants.

G. L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., S. R. Thomas, Dist. Atty., of Natchitoches, and Lessley P. Gardiner, Asst. to Atty. Gen., for respondent.

HIGGINS, Justice.

These cases are before us on writs of certiorari and prohibition granted on the application of the defendants as a result of the trial judge refusing to permit them to waive trial by a jury and to be tried before the judge alone.

The return of the trial judge consists of the record below. In the case No. 5132, entitled "State of Louisiana v. Bill Bowden, John Fike, and Henry Walker," the defendants were charged in an indictment with feloniously and unlawfully assaulting one Will Black by willfully shooting at him. Defendants filed a motion in which they waived trial by a jury, but the trial court declined to enter an order to that effect.

Article 259 of the Criminal Code of Procedure reads as follows:

"In all felony cases, not capital, or necessarily punishable with imprisonment at hard labor, the defendant shall at the time of arraignment be informed by the court that he may waive trial by jury and elect to be tried by the judge alone. If he so elect the judge shall fix and try the case without a jury according to the prescribed rules of the court."

The crime of assault by willfully shooting at a person is neither a capital offense nor necessarily punishable with imprisonment at hard labor. Article 766, Louisiana Criminal Code of Procedure, Rev. St. § 792, Act No. 59 of 1896, Act No. 9 of 1912, § 1.

Therefore, the accused were entitled to waive trial by a jury and to elect to be tried by the judge. Our learned brother below erred in refusing the request of the accused.

In the case No. 5131 entitled "State of Louisiana v. Bill Bowden, John Fike, and Henry Walker," the defendants were charged in an indictment with feloniously and unlawfully shooting at the dwelling house of Joe Collia, when persons were lawfully therein.

The crime of shooting at an inhabited dwelling house is necessarily punishable with imprisonment at hard labor. Article 1311. Louisiana Criminal Code, Act No. 8 of 1870, Ex. Sess., § 8.

Consequently, the defendants were not entitled to waive trial by a jury and to be tried by the district judge. The ruling of the judge a quo was correct. State v. Shall, 177 La. 923, 149 So. 523.

In the case No. 5132, where the accused were charged with assault by willfully shooting at a person, the rule is made peremptory and the preliminary writs perpetuated.

In the case No. 5031, where the defendants were charged with willfully shooting at an inhabited dwelling house, the relief prayed for by relators is denied.