[Crim. No. 4793. Second Dist., Div. One. July 21, 1952.]

THE PEOPLE, Respondent, v. DAN KNOX, Appellant.

Gladys Towles Root and Herbert Grossman for Appellant.

Edmund G. Brown, Attorney General, and Stanford D. Herlick, Deputy Attorney General, for Respondent.

DRAPEAU, J.—Defendant, Dan Knox, and his lady friend registered at a rooming house in Watts. While there they were arrested for resorting and taken to jail.

Before the room was rented to defendant it had been cleaned and the linen changed. It was not rented again that night. The next morning the landlady again cleaned the room and changed the linen. When she shook out the pillowcase a gun fell out—a little black Colt's automatic. She took the gun to the police, who then talked to defendant about it. He told them that it was his and that he had put it into the pillowcase.

Defendant's fingerprints revealed that in 1930 he had been convicted of a felony in the State of Louisiana and had served a term in the Louisiana state penitentiary.

The district attorney charged defendant with felonious possession of a firearm. (Dangerous Weapons Control Act, 1 Gen. Laws, Act 1970.) He was convicted after trial by the court, and sentenced to state's prison. He appeals from

the judgment and from an order denying his motion for a new trial.

Defendant argues that the evidence of his possession of the gun is insufficient to warrant his conviction; and that the proof of his prior felony conviction is likewise insufficient.

█ The facts already stated, and the inferences drawn from them are sufficient to support the finding of defendant's possession of the dangerous weapon. On his motion for a new trial, he presented an affidavit of his lady friend, in which she averred that she was the owner of the gun at all times and that it was she who hid it in the pillowcase. If she had so testified at the trial, possibly the result might have been different, taking into consideration the long period of time from defendant's conviction in Louisiana to his arrest in Californa. This she did not do. In fact she told the officers that the "little black Colt" belonged to defendant.

█ Proof of defendant's former conviction is also sufficient. A police officer of the city of Los Angeles, assigned to the Scientific Investigation Division, latent fingerprint section, testified that defendant's fingerprints taken after his arrest in Los Angeles and his fingerprints taken in Louisiana were made by one and the same person. Records from Louisiana establish that defendant was convicted of shooting into a dwelling house, and sent to the Louisiana state prison for a term of one to three years, under section 8, Act 8, 1870 Extra Session of the Louisiana Legislature. The courts of Louisiana have held that violation of this statute is a felony. (*State* v. *Bowden*, 181 La. 442 [159 So. 710].)

The order denying defendant's motion for a new trial, and the judgment of conviction are, and each of them is, affirmed.

White, P. J., and Doran, J., concurred.