[Crim. No. 5257.   Second Dist., Div. One.   Apr. 18, 1955.]

THE PEOPLE, Respondent, v. ERNEST RODRIGUEZ, Appellant.

Crispus A. Wright for Appellant.

Edmund G. Brown, Attorney General, and Jay L. Shavelson, Deputy District Attorney, for Respondent.

WHITE, P. J.—In an information filed by the district attorney of Los Angeles County, defendant was accused of violation of section 12021 of the Penal Code, in that on or

about February 2, 1954, he owned or had in his possession or under his control a .32 caliber pistol capable of being concealed upon the person and having a barrel less than 12 inches in length, defendant having been previously convicted of grand theft, a felony, on November 30, 1944, in the Superior Court of Los Angeles County.

Following entry of a not guilty plea the cause proceeded to trial before a jury resulting in a verdict finding defendant guilty as charged in the information. Motion for a new trial was denied.

From the judgment and the order denying his motion for a new trial defendant prosecutes this appeal.

As to the factual background surrounding this prosecution, the record reflects that at about 1 o'clock on the morning of February 2, 1954, police officers rang the doorbell and were admitted into the premises at 1186 East 56th Street, Los Angeles. The door was opened by Mrs. Lois Rodriguez, former wife of defendant. She was asked regarding defendant's whereabouts and replied that he was not there. A few seconds later, defendant was seen within the house in the process of dressing himself. The lights in the house and other circumstances were such as to lead an arresting officer to assume that defendant had been in bed when the officers entered the house. At this time, defendant had on trousers and a shirt but no coat.

Defendant was immediately arrested and taken out to a police car, where he sat for about 20 minutes. During this period, the house was searched and an officer found a man's coat in a closet. In a pocket of this coat was an automatic pistol, loaded with "live" ammunition. The officer also found an envelope addressed to "Mr. E. Rodriquez" in a bureau drawer.

On February 4, 1954, two days after his arrest, defendant made a free and voluntary statement to H. W. Saeger, a police officer, who testified to this statement as follows:

"Q. Will you relate the conversation as pertains to this particular charge?

"A. Yes. At the aforementioned time, I had the People's Exhibit number 2 (the overcoat in which the pistol was found) before me wrapped up in a brown piece of paper and Mr. Rodriquez sat on one side of the desk and I sat on the other side.

"I unwrapped the People's Exhibit number 2 and put it

before Mr. Rodriquez and I asked Mr. Rodriquez, I says, 'Is this your overcoat?'

"And he looked at it and says, 'Yes, it is.' That, 'I've had it for some time,' shortly after he got out of Terminal Island, which was in July of 1953.

"Then I asked Mr. Rodriquez if he lived at the address, 1186 East 56th Street.

"He stated that he had lived at this address since before Christmas and he had lived there with his wife and his kids, and that he got the gun that we have from a young lady on East Fifth Street by the name of Nancy, and that he was—who was a hyp, by the way——

. . . . . . . . . . . . .

"A. And that he had gotten this gun from this Nancy on East Fifth Street on Sunday or the day before he was arrested on this current charge and that he was to pay her $9 for the gun but did not and instead got some narcotics for her.

"That he stated that he had placed the gun in this particular overcoat himself so that the kids wouldn't get to it, and that the reason he got the gun was for his wife's protection as there was some talk going around down——

. . . . . . . . . . . . .

"A. There (was) some talk going around, talk he had quite a bit of money in the house. For that reason he got the gun to protect his wife. That was the sum and substance of the conversation I had with Mr. Rodriquez."

Testifying in behalf of defendant, Mrs. Rodriguez stated that she was divorced from defendant and that he had not been living with her at 1186 East 56th Street as of the date of arrest. She stated that the gun belonged to her and that the coat in which it was found was her uncle's and had been borrowed from him to wrap up the baby. She further testified that the envelope addressed to "Mr. E. Rodriquez" had been sent to her young son, Ernest Rodriguez.

On cross-examination, Mrs. Rodriguez admitted that she was pregnant and that defendant was the father of her unborn child. Her testimony took place on May 25, 1954. She testified that she had moved into the house at 1186 East 56th Street on December 24, 1953, and that defendant had never lived with her at that address.

Mrs. Rodriguez's father testified that he had lived with Mrs. Rodriguez at 1186 East 56th Street until January 31, 1954, three days before the arrest, and that defendant had not been living at this address at that time.

Defendant's aunt testified that the former lived with her at another address but further stated that he slept out some nights.

Mrs. Rodriguez's uncle testified that the coat in which the gun had been found belonged to him and had been loaned to Mrs. Rodriguez to wrap up the baby.

Defendant testified that he had lived with his aunt as of the date of arrest and that his disarray at time of arrest was due to the fact that he was just leaving the bathroom. He denied having made the statements testified to by Officer Seager and stated that this officer had tried to induce him to inform on other criminals for the police department and that he had refused. He testified that the gun had been offered to him for sale but that he had refused to purchase it, referring the sellers to his wife who needed a gun for protection.

In rebuttal, Officer Eldridge of the Los Angeles Police Department testified that he talked with Mrs. Rodriguez the day following defendant's arrest; that on this occasion she told him that defendant had been staying with her every night and that if he had another home, she did not know about it. She also told Officer Eldridge that the coat in which the gun had been found belonged to defendant.

Appellant's first contention is that the evidence is insufficient to sustain the judgment of conviction. In this case, as is usual in cases presented on appeal, the evidence is in conflict. Reviewing judges are, obviously, in no position to determine the credit which should be accorded to witnesses or to weigh their testimony. As has often been repeated, the Legislature has ordained that the jury are the exclusive judges of the credibility of witnesses (Code Civ. Proc., § 1847), and are the judges of the effect and value of evidence addressed to them, except in those instances where it is declared by law that it shall be conclusive proof of the fact to which it relates (Code Civ. Proc., § 2061). Therefore, an appellate tribunal is not authorized to retry a cause. Our duty begins and ends with the determination as to whether there is in the record evidence, contradicted or uncontradicted, of sufficient substantiality to warrant the conclusion arrived at by the duly constituted arbiter of the facts. Guided by these rules, the conclusion is inevitable that the evidence herein was sufficient in the first instance, to render admissible the testimony of appellant's free and voluntary extrajudicial statements admitting ownership of the gun (*People* v. *Wilde*, 82 Cal.App.2d 879 [187 P.2d

825] ; *People* v. *Knox,* 112 Cal.App.2d 339 [246 P.2d 81] ; *People* v. *Bedoy,* 80 Cal.App. 783, 786 [252 P. 1061] ; *People* v. *Rogers,* 112 Cal.App. 615, 618-619 [297 P. 924]). And when appellant's admissions are considered in conjunction with the other evidence herein narrated, there was ample proof of his guilt.

Finally, it is urged by appellant that no evidence was presented to sustain the allegation in the information as to the length of the barrel of the weapon in question. This contention is without merit. The pistol itself which was introduced into evidence as an exhibit was of course the best evidence of the size of its barrel. Added to this was other evidence from which it could reasonably be inferred that the size of the pistol was as alleged in the information, viz., the gun was apparently small enough to be concealed in a coat pocket. The gun was described as an "automatic," and it is common knowledge that an "automatic" is a small weapon, much less than 12 inches in length. Mrs. Rodriguez testified she kept the pistol in the pocket of her own coat. Her father testified he had seen her with a "little automatic," and that it resembled the gun in question. And, as heretofore stated, the weapon was exhibited to the jury, and no claim is made that proper instructions were not given the jury covering the requisite size of the pistol to constitute the offense charged.

For the foregoing reasons, the judgment and the order denying defendant's motion for a new trial are, and each is affirmed.

Drapeau, J., concurred.

Doran, J., dissented.

Appellant's petition for a hearing by the Supreme Court was denied May 18, 1955.